UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY M. CRAWLEY, *as Personal Representative of the Estate of Gregory A. Buck, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:25-cv-00388 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING MOTION TO DISMISS IN PART<br><br>(Docs. 16, 27) |

Timothy M. Crawley, acting as the personal representative of the estate of Gregory A. Buck, brings federal and state claims related to the death of Mr. Buck while he was in custody at the California's Substance Abuse Treatment Facility and State Prison, Corcoran. (Doc. 11.) On July 9, 2025, Defendants moved to dismiss the operative first amended complaint (FAC) for failure to state a claim. (Doc. 16.) The Court referred the motion to the assigned magistrate judge (Doc. 21), and on September 10, 2025, the magistrate judge issued findings and recommendations indicating that the motion should be granted with leave to amend. (Doc. 27.) On September 24, 2025, Plaintiff filed objections. (Doc. 28.) On October 3, 2025, Defendants filed a response to the objections. (Doc. 29.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes findings and recommendations

are supported by the record and by proper analysis, with one exception. Plaintiff alleges that:

> On or about February 22, 2024, Mr. Buck was found unresponsive at approximately 7:35 a.m. in his single-occupancy cell. Despite clear signs of a medical emergency, including his condition, known medical history, and the presence of drug paraphernalia, emergency medical services were not contacted until approximately 8:19 a.m., reflecting a 44-minute delay without adequate life-saving intervention
>
> Plaintiff is informed and believes that Defendants DOES 1 through 50, including custody and medical staff who were assigned to Mr. Buck's unit, either observed his condition and failed to act, or failed to monitor his cell as required, despite their awareness of his vulnerabilities and the signs of medical crisis.

(Doc. 11, ¶¶ 36–37.) In addition, "the County of Kings Coroner determined the cause of death to be toxic effects of fentanyl, morphine, and methamphetamine." (*Id*., ¶ 25.)

Deliberate indifference can be established through "inference from circumstantial evidence" or "from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Viewing the factual allegations in the light most favorable to the Plaintiff, these allegations are sufficient to state a claim against any custodial or medical employee who found Mr. Buck unresponsive and failed to summon medical care for almost three quarters of an hour. Moreover, "[w]hile Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F. Supp. 2d 1149, 1152 (E.D. Ca. 2008); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Here, the FAC provides sufficient information to permit the identification of the Doe defendants through discovery. Thus, on the present record, the Court concludes that Plaintiff's claim for deliberate indifference due to failure to timely summon emergency medical care should survive dismissal.[1]

The Court agrees with the findings and recommendations in all other respects.

///

///

---

[1] To the extent the FAC attempts to use the delayed medical care facts to advance other kinds of federal claims, such as failure to protect, the Court finds no basis to permit such claims to proceed.

Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 27) are **ADOPTED IN PART**.
2. The motion to dismiss (Doc. 16) is **GRANTED IN PART**, as set forth above with leave to amend. Plaintiff is warned that this will be his last opportunity to amend the Complaint. The Court has provided ample instructions about the deficiencies in the pleadings and will not do so again.
3. Any amended complaint **SHALL** be filed within 30 days. If Plaintiff elects not to amend the complaint and wishes instead to stand on the single claim that survives dismissal, he **SHALL** file a statement to that effect by the amendment deadline.
4. Any response(s) **SHALL** be filed within 21 days of Plaintiff's filing.

IT IS SO ORDERED.

Dated:    **October 13, 2025**

UNITED STATES DISTRICT JUDGE

3