# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY M. CRAWLEY, *as Personal Representative of the Estate of Gregory A. Buck, deceased*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOE DEFENDANTS,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00388-JLT-SAB<br><br>ORDER DIRECTING PLAINTIFF TO FILE STATUS REPORT REGARDING SERVICE AND READINESS FOR INITIAL SCHEDULING CONFERENCE<br><br>**JANUARY 30, 2026 DEADLINE** |

Plaintiff commenced this action on April 3, 2025. (ECF No. 1.) As relevant here, on November 25, 2025, Plaintiff filed his second amended complaint. (ECF No. 33.) On December 12, 2025, the Court approved a stipulation by the parties for an extension of time in which Defendants may answer or otherwise respond to the second amended complaint. (ECF No. 35.) The Court ordered that Defendants had through January 12, 2026, to file a responsive pleading. (Id.) On December 16, 2025, the parties stipulated to continuing the initial case management conference based on the January 12, 2026 responsive pleading deadline, which the Court granted. (ECF Nos. 36, 37.) The initial case management conference is now scheduled for February 10, 2026. (ECF No. 37.) On January 11, 2026, Plaintiff filed a notice of voluntary dismissal as to the Defendant Bryan D. Phillips. (ECF No. 38.) At that time, the docket did not reflect that that Brayn D. Phillips was the last remaining named defendant in light of Plaintiff's second amended complaint. (ECF No. 33.) With that misunderstanding, the Court directed the parties to file a joint status report regarding an answer and whether the initial scheduling

conference should be continued.  (ECF No. 40.)  On January 21, 2026, Attorney Andrew Greene notified the Court that all named defendants have been dismissed, leaving only Doe defendants. (ECF No. 41.)  Thus, the Court has updated its docket and will require Plaintiff to file a status report regarding identification and service of the Doe defendants, along with addressing whether the initial scheduling conference should be continued.

In addition, for Plaintiff's benefit, the Court observes that Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.  The order setting the scheduling conference in this matter additionally provides that: "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . . [and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service."  (ECF No. 5, p. 1.)

Accordingly, IT IS HEREBY ORDERED that, on or before **January 30, 2026**, Plaintiff shall file a status report indicating the status of service upon Doe defendants; whether Plaintiff is prepared to hold the scheduling conference; and/or whether the scheduling conference should be continued to allow for the remaining defendants to appear in this action.  Plaintiff is advised that failure to comply with this order may result in the issuance of sanctions, up to and including a recommendation of dismissal of this action.

In light of this order, Plaintiff need not comply with the Court's January 14, 2026 order.

IT IS SO ORDERED.

Dated:   **January 23, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge