# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY M. CRAWLEY, *as Personal Representative of the Estate of Gregory A. Buck, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>DOE DEFENDANTS,<br><br>Defendant. | Case No. 1:25-cv-00388-SAB<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION**<br><br>**FOURTEEN-DAY DEADLINE** |

**I.**

## PROCEDURAL BACKGROUND

As relevant here, on November 25, 2025, Plaintiff Timothy M. Crawley ("Plaintiff") filed his second amended complaint. (ECF No. 33.) On January 11, 2026, Plaintiff voluntarily dismissed Defendant Bryan D. Phillips, the last named-Defendant in this action. (ECF No. 38.) On January 23, 2026, the Court directed Plaintiff to file a status report regarding his readiness to proceed with the initial scheduling conference and included a discussion of the implications of Fed. R. Civ. P. 4(m), which deadline was approaching. (ECF No. 42.) On January 30, 2026, Plaintiff timely complied and informed the Court that he was having issues effectuating service on any Doe Defendants, Plaintiff might seek limited discovery, and Plaintiff requested the initial scheduling conference be continued. (ECF No. 43.) In light of the status report, the Court continued the initial scheduling conference. (ECF No. 44.)

On April 6, 2026, the Court found that Plaintiff was required to have effectuated service of the second amended complaint, or move for an extension, by February 23, 2026. (ECF No. 45.) The Court thus notified Plaintiff that the time to complete service under Fed. R. Civ. P. 4(m) had expired and directed Plaintiff to show good cause for an extension. (Id.) The Court gave Plaintiff through April 13, 2026, to file a response. (Id.) Furthermore, the Court put Plaintiff on notice that "[f]ailure to comply with this order may result in sanctions, including a recommendation that this matter be dismissed without prejudice for failure to timely effectuate service of the second amended complaint." (Id.) (emphasis omitted). The time to file a response to the Court's April 6, 2026 order has passed, and Plaintiff has filed nothing on the docket. Accordingly, the Court issues this findings and recommendations, recommending that this action be dismissed.

## II.

## LEGAL STANDARD

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

## III.

## DISCUSSION

On April 6, 2026, the Court explicitly gave Plaintiff notice of the expiration of time limit for service. (ECF No. 45.) Plaintiff did not file a response. Accordingly, Federal Rule of Civil Procedure 4(m) requires that the Court dismiss this action without prejudice or direct Plaintiff to complete service in a specified timeframe. The Court finds that directing Plaintiff to complete service within a specified time to be unhelpful here, given that the Court has informed and notified Plaintiff at least twice of the implication of Rule 4(m) and that Plaintiff failed to respond to the Court's order notifying the expiration of the time to effectuate service. Furthermore, the Court explicitly notified Plaintiff that failure to file a response giving good cause for an extension would result in a recommendation of dismissal without prejudice. Thus, for the

foregoing reasons, the Court finds that dismissal is appropriate here and will recommend as such.

In addition to a violation of Rule 4(m), Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order, and the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff has failed to respond to the Court's April 6, 2026 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and

requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). Finally, the Court will recommend that the instant dismissal be a dismissal without prejudice, which addresses the fifth factor.

This case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failing to timely effectuate service of the second amended complaint, pursuant to Fed. R. Civ. P. 4(m); failure to prosecute, and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge